## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**EARNEST EUGENE WALKER, JR.,**

**Plaintiff,**

v.                                                                 **CASE NO. 25-3158-JWL**

**STATE OF KANSAS, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and state prisoner Earnest Eugene Walker, Jr. filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff is incarcerated at the McPherson County Adult Detention Facility in McPherson, Kansas. He has been granted leave to proceed in forma pauperis (Doc. 3) and has now paid the filing fee. The Court has conducted the statutorily required review of the complaint and identified deficiencies that are set forth below and that leave the complaint subject to dismissal in its entirety. The Court therefore will grant Plaintiff time in which to file a complete and proper amended complaint that cures the deficiencies identified herein. If Plaintiff fails to do so in the allotted time, this matter will be dismissed without further prior notice to him. Also before the Court is Plaintiff's motion to supplement his complaint (Doc. 4), which will be denied for the reasons set forth below.

### I.    Nature of the Matter before the Court

It is not clear who Plaintiff intends to name as Defendants in this matter. The caption of the form complaint identifies the "State of Kansas, KDOC, Public Defenders, et al." as the Defendants. (Doc. 1, p. 1.) The portion of the form complaint for providing additional information about each Defendant indicates that Plaintiff wishes to name the following as Defendants:  the

1

State of Kansas, the Kansas Department of Corrections (KDOC), public defenders, "[t]hose responsible for imposition of prison," attorneys, judges, secretary of corrections, correction officers, probation officer, and Sedgwick County Attorneys. *Id.* at 1-2. As the background to this case, Plaintiff asserts that this case began with two criminal cases in Sedgwick County, Kansas against him—Case No. 91cr89812, which will be referred to in this order as the 1991 case, and Case No. 93CR1193, which will be referred to in this order as the 1993 case. *Id.* at 2. In February 1992, Plaintiff was sentenced to probation in the 1991 case and he was later sentenced in the 1993 case to an indeterminate 1- to 5-year prison sentence, to run concurrently to the probation. *Id.* In March 1998, Plaintiff's probation was revoked and he was ordered to serve the prison sentence. *Id.* Plaintiff states that the prison sentence "became an aggregated 3 to 10 year sentence after being placed in the custody of the [KDOC] and under the Secretary of Corrections at that time." *Id.* at 3.

As Count I of this case, Plaintiff alleges the violation of the Thirteenth Amendment to the United States Constitution, based on his being required to serve what he believes is an illegal sentence that led to his being physically and emotionally abused and injured. *Id.* at 5. Plaintiff asserts that the prison sentence that began in 1998 was involuntary servitude. *Id.* In Count II, Plaintiff alleges the violation of the Fourteenth Amendment's guarantees of due process and equal protection. *Id.* As supporting facts for Count II, Plaintiff states that he has been to prison 5 times and been jailed several times as well. *Id.* He describes himself as "handicap[ped] and homeless" and explains that he has lost ties with family and friends who have gone on with their lives without him. *Id.*

In Count III, Plaintiff alleges a violation of the Fifth Amendment's guarantee of due process and its prohibition of double jeopardy. *Id.* at 6. As supporting facts for Count III, Plaintiff asserts that he "served both a probation and prison sentence in full for the same crimes" in the

1991 case and the 1993 case. *Id.* In Count IV, Plaintiff asserts a violation of the Sixth Amendment, asserting that he did not receive effective assistance of counsel and, if he had, he would never have been sent to prison. *Id.* at 7. In Count V, Plaintiff asserts the violation of the Eighth Amendment's prohibition of cruel and unusual punishment. *Id.* In support of Count V, Plaintiff asserts that he now suffers from degenerative disc disease, stenosis, sciatica, and back injuries due to injuries inflicted by "WPD, Sedgwick County Sheriff officers and [KDOC] officers." *Id.* Plaintiff asserts that he is permanently physically disabled and his only source of income is supplemental security income (SSI) from the Social Security Administration. *Id.* As relief in this action, Plaintiff seeks compensatory damages of more than $75,000.00 per year he was illegally incarcerated and punitive damages. *Id.* at 8.

## II.    Screening Standards

Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court is required by statute to screen his complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes this pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

## III.  Discussion

### A.  Defendants

This matter is subject to dismissal because the identities of the Defendants remains unclear and, to the extent specific Defendants can be identified, they are not proper Defendants to a suit under 42 U.S.C. § 1983.

### 1.  The State, the KDOC, and the Secretary of Corrections

Plaintiff names the State of Kansas, the Kansas Secretary of Corrections, and the KDOC. (Doc. 1, p. 1.) "It has long been established states, state agencies, and state officials acting in their

official capacities are not 'persons' under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)." *Thomas v. Knutson, et al.*, 2024 WL 2076315, *3 (10th Cir. May 9, 2024) (unpublished).

Additionally, the State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a general jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Moreover, for § 1983 purposes, a state official is the state itself when sued in his or her official capacity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Plaintiff is barred from suing the State, the Secretary of Corrections, or the KDOC for money damages unless he can show an exception to the immunity granted by the Eleventh Amendment.

There are three exceptions to state immunity under the Eleventh Amendment: (1) when the State consents to suit, meaning it waives immunity; (2) when Congress properly abrogates the immunity through legislation; and (3) when there are ongoing violations of federal relief and the plaintiff seeks only prospective injunctive relief. *See Frank v. Lee*, 84 F.4th 1119, 1130-31 (10th Cir. 2023); *Umholtz v. Kan. Dept. of Soc. and Rehabilitation Servs.*, 926 F. Supp. 2d 1222, 1227 (D. Kan. 2013). Nothing in the complaint now before the Court suggests that the State has consented the suit now before this Court. In addition, it is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002); *see also McGee v. Corizon*, 831 F. Appx. 381, (10th Cir. Oct. 14, 2020) (unpublished) ("As to the Kansas Department of Corrections, the Eleventh Amendment bars McGee's claim. It is well-recognized that an action

cannot be brought in federal court against a state or its agencies.") (citation omitted). And Plaintiff seeks only money damages in this suit. (Doc. 1, p. 8.) Thus, none of the three exceptions to Eleventh Amendment immunity seem to apply here, which means that the State of Kansas, the Secretary of Corrections, and the KDOC are subject to dismissal from this action.

### 2. Plaintiff's probation officer

Plaintiff also identifies "probation officer" as a Defendant. Liberally construing the complaint, it appears that Plaintiff means the probation officer assigned to his case in 1998, when his probation was revoked. If this is accurate, Plaintiff should make that clear in his amended complaint and he must also allege sufficient facts to state a plausible claim for relief against the probation officer. "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 Fed. Appx. 757, 759 (10th Cir. 2009) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013). Plaintiff has not described in detail any specific actions taken by a probation officer that violated his constitutional rights.

Additionally, to the extent that Plaintiff wishes to identify his probation officer but does not recall his or her name, the Tenth Circuit has "generally recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *See Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). If Plaintiff chooses to file an amended complaint naming the probation officer as a John Doe defendant, he is cautioned that he will be expected to identify the probation officer defendant within a suitable length of time. *See Lamb v. Kelly*, 2023 WL 8599374, *4 (D. Kan. Dec. 12, 2023) (unpublished) (citing *Culp v. Williams*, 456 Fed. Appx.

718, 720 (10th Cir. 2012) (unpublished)); *Horton v. Corizon*, 2021 WL 2550175, *2-3 (D. Kan. June 22, 2021) (unpublished) (discussing § 1983 claims against unnamed defendants). This is because "[t]he unnamed party must eventually be identified and served to comply with Rule 4 [of the Federal Rules of Civil Procedure] and permit the Court to exercise personal jurisdiction over that party." *See Askew v. USP Leavenworth*, 2023 WL 184019, *5 (D. Kan. Jan. 13, 2023) (unpublished) (citing *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).

### 3. Categories of defendants

Liberally construing the complaint, the only other Defendants named by Plaintiff are identified as broad categories: attorneys, judges, corrections officers, and "those who [were] responsible for the [i]llegal [i]ncarceration in 1998 [and] injuries sustained." (Doc. 1, p. 2.) This type of categorical identification of future defendants is insufficient to state a claim under § 1983. "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone*, 338 F. App'x at 759\. "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls*, 718 F.3d at 1226. Thus, for example, it is not enough to name "corrections officers" as a Defendant and allege in Count V that KDOC "correction[s] officers" injured Plaintiff in violation of the Eighth Amendment. Plaintiff must identify specific individual corrections officers as Defendants. The same requirements apply for any attorneys, judges, or other individuals Plaintiff wishes to sue in this case.

As a further note, state district court judges are state officials and are entitled to the Eleventh Amendment immunity discussed above. *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1256 (D. Kan. 2004); *see also Sigg v. Dist. Court of Allen Cnty., Kan.*, 2012 WL 941144, at *4 (D. Kan. March 20, 2012) (district court judge is a state official and official capacity claims

against judge for money damages are barred). A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Public defenders are not properly sued under § 1983 because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *See Polk County v. Dodson*, 454 U.S. 312, 324 (1981). And prosecutors are absolutely immune from civil liability for damages for "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State." *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1193 (10th Cir. 2008) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). If Plaintiff wishes to name individual attorneys or judges as Defendants in his amended complaint, he should only do so if those individuals are not immune from suit.

### B. Failure to State a Claim

#### 1. Count I

Count I is subject to dismissal because it fails to state a plausible claim for relief. In Count I, Plaintiff alleges the violation of the Thirteenth Amendment, characterizing his prison sentence as a term of involuntary servitude. (Doc. 1, p. 5.) The Tenth Circuit has clearly rejected this type of claim, holding:

> The plain language of the Thirteenth Amendment's prohibition on "slavery [or] involuntary servitude" does not apply to "a punishment for crime whereof the party shall have been duly convicted." U.S. Const. amend. XIII. This Court, in *Ruark*, held: "[t]he thirteenth amendment's restriction on involuntary servitude does not apply to prisoners." *Ruark v. Solano*, 928 F.2d [947,] 949-50[ (10th Cir. 1991)], *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 135

8

L. Ed. 2d 606 (1996). Since *Ruark*, we have reaffirmed this holding and it remains good law. *See, e.g.*, *Dmytryszyn v. Hickenlooper*, 527 F. App'x 757, 760 (10th Cir. 2013) (unpublished).

*Fletcher v. Raemisch*, 768 F. App'x 825, 827 (10th Cir. Apr. 10, 2019) (unpublished). Thus, Count I is subject to dismissal because it fails to state a claim upon which relief can be granted.

### 2. Counts II, IV, and V

Counts II, IV, and V are subject to dismissal because Plaintiff has failed to allege sufficient facts to state a plausible claim for relief. The factual allegations provided in support of Counts II, IV, and V  the complaint do not include any dates, do not identify any individuals who allegedly violated Plaintiff's rights, and do not contain sufficiently specific descriptions of the actions on which Plaintiff bases his claims. Even liberally construing the complaint, it is unclear what specific actions Plaintiff asserts violated his federal rights because Plaintiff makes only very generalized assertions. To state a plausible claim for relief, though, conclusory allegations of involvement are not sufficient. *See Iqbal*, 556 U.S. at 676.

For example, although Count II asserts the violation of Plaintiff's due process and equal protection rights under the Fourteenth Amendment, Plaintiff does not identify the process to which he was constitutionally entitled but was denied, nor does he identify any way in which he was treated differently than another similarly situated person. Similarly, Count IV asserts that violation of Plaintiff's Sixth Amendment right to the effective assistance of counsel was violated, but Plaintiff does not indicate whether the ineffective assistance of counsel occurred in the 1991 case, the 1993 case, the probation revocation proceedings, or another time. Plaintiff also does not explain in Count IV how counsel failed to provide effective representation or how Plaintiff was prejudiced by the failure.

Finally, Count V alleges cruel and unusual punishment in violation of the Eighth

Amendment and Plaintiff identifies the conditions from which he now suffers as a result of the allegedly unconstitutional punishment, but he does not provide any details of when the punishment occurred, the individuals who were involved, or what specific acts or events happened. Thus, Plaintiff has failed to allege sufficient facts to state a claim on which relief can be granted in Count II, Count IV, or Count V, leaving these claims subject to dismissal.

### 3.  Violation of state law

The Court notes that throughout his complaint and his motion to supplement complaint, which is discussed in more detail and ruled on below, Plaintiff asserts that his sentence is illegal under the definition provided in K.S.A. 22-3504. (*See* Doc. 1, p. 2-3; Doc. 4, p. 1.) Plaintiff also asserts in the background section of his complaint that "[t]he revocation in March 1998 was a violation of K.S.A. 21-6608(8)." (*See* Doc. 1, p. 2, 4, 8.) To the extent that Plaintiff cites state statutes to provide context for his arguments, he may do so. Plaintiff is advised, however, that violations of state law do not provide an independent basis for relief under § 1983. "In order to seek redress through § 1983, . . . a plaintiff must assert the violation of a *federal* right . . . ." *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (emphasis added).

### C.  *Heck Bar*

The Court acknowledges Plaintiff's statement in the complaint that "[t]his is not a [h]abeas [c]orpus and shouldn't be construed as one." (Doc. 1, p. 4.) Treating this strictly as a 42 U.S.C. § 1983 action, however, Count I, Count III, and Count IV of this case call into question the lawfulness of Plaintiff's state-court convictions and/or the sentences related to those convictions. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court "held that prisoners may not bring a § 1983 action that calls into question the lawfulness of their conviction until the conviction has been invalidated." *Johnson v. Spencer*, 950 F.3d 680, 692 (10th Cir. 2020). A ruling

that ordering Plaintiff to serve a prison sentence in 1998 violated the Thirteenth Amendment (as alleged in Count I) or the Fifth Amendment (as alleged in Count III) or a ruling that one of Plaintiff's state-court convictions or the revocation of his probation was unconstitutional due to the ineffective assistance of counsel (as alleged in Count IV) would necessarily call into question the lawfulness of Plaintiff's convictions and his current confinement under those convictions. But Plaintiff has not alleged that his convictions have been invalidated. Thus, the claims in Counts I, II, and IV appear barred by *Heck*.

## IV.    Amended Complaint Required

For the reasons set forth above, this action is subject to dismissal in its entirety. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon the required, court-approved form that cures all the deficiencies discussed herein. Plaintiff is advised that an amended complaint does not supplement the initial complaint; an amended complaint completely replaces the initial complaint. Therefore, any claims or factual allegations not included in the amended complaint will not be before the Court. Plaintiff may not refer to or incorporate by reference his initial complaint. The amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from his initial complaint and the attachment thereto.

Plaintiff must write the number of this case (25-3158) at the top of the first page of his amended complaint. He must name only defendants who may be sued under § 1983 and he must allege sufficient facts to show that each defendant personally participated in a federal constitutional violation. For each Count, he must clearly identify the constitutional right or rights he believes was violated and he must identify the specific facts that support each alleged violation. Plaintiff must follow the instructions on the required, court-approved complaint form and set forth the

11

information requested therein. Plaintiff may attach additional pages to the required form as necessary, but he must clearly label any additional pages so that the Court and opposing parties can determine which facts support Count I, Count II, Count III, etc. Legal claims that are not designated as Counts may not be considered as a basis for any request for relief.

If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed without further prior notice to Plaintiff for failure to state a claim on which relief could be granted. If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required review of the amended complaint and issue further orders as necessary.

## V.    Request for Appointment of Counsel

At two points in his complaint, Plaintiff asks this Court to appoint counsel to assist him in perfecting his complaint, identifying the responsible defendants, and obtain journal entries that will support Plaintiff's claims. (Doc. 1, p. 4, 7.) Plaintiff is advised that in the future, motions for appointment of counsel must be submitted as standalone documents, not included in a pleading or other filings. Because Plaintiff proceeds pro se, however, the Court has considered the request.

There is no constitutional right to appointment of counsel in a civil case. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57

12

F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not clear at this point that Plaintiff has a plausible claim against a proper defendant; (2) the issues are not yet clarified and may not be complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. Thus, the Court will deny the motion without prejudice to refiling if the material circumstances change.

## VI.    Motion to Supplement Complaint (Doc. 4)

Also before the Court is Plaintiff's motion to supplement the complaint. (Doc. 4.) Plaintiff asks the Court to grant him leave to proceed in forma pauperis and allow him to supplement his complaint. Plaintiff has already been granted leave to proceed in forma pauperis. (Doc. 3.) Moreover, because Plaintiff is required to file a complete and proper amended complaint for the reasons set forth above, he may include in his amended complaint any information he believes necessary to state a plausible claim for relief. Thus, granting leave to separately supplement the complaint is unnecessary and the motion will be denied as moot. Plaintiff is cautioned, however:

> Rule 8 of the Federal Rules of Civil Procedure requires that the parties make only "a *short and plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). "[A]ll that is necessary is that the claim for relief be stated with brevity, conciseness, and clarity, a standard articulated many times over by federal courts throughout the country." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1215, at 165 (3d ed. 2004). This Court has upheld such a standard of brevity and clarity in pleadings. *See Blazer v. Black,* 196 F.2d 139, 144 (10th Cir.1952) ("[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds."); *Knox v. First Sec. Bank of Utah,* 196 F.2d 112, 117 (10th Cir.1952) ("The purpose of [Rule 8] is to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity."). A Rule 8 pleading is not the proper place for the plaintiff to plead all of the evidence or to

fully argue the claims. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512–513, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).

*Chavez v. Huerfano Cty.*, 195 F. App'x 728, 729-30 (10th Cir. Sept. 1, 2006) (unpublished).

**IT IS THEREFORE ORDERED** that the motion to supplement complaint (**Doc 4**) is **denied as moot** because Plaintiff will be required to file a complete and proper amended complaint for the reasons explained in this order.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including **October 13, 2025**, to file a complete and proper amended complaint that cures all the deficiencies discussed in this order. If Plaintiff fails to do so, this matter will be dismissed without further prior notice to Plaintiff. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 10th day of September, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge