IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EARNEST EUGENE WALKER, JR.,

                Plaintiff,

v.                                                  CASE NO. 25-3158-JWL

STATE OF KANSAS, et al.,

                Defendants.

## MEMORANDUM AND ORDER

On August 11, 2025, Plaintiff and state prisoner Earnest Eugene Walker, Jr. filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) He was granted leave to proceed in forma pauperis (Doc. 3) and has paid the filing fee in full. This matter comes now before the Court on Plaintiff's motion for appointment of counsel (Doc. 6) and his amended complaint (Doc. 7). For the reasons set forth in this order, this matter will be dismissed and the motion for appointment of counsel will be denied.

**I. Background**

This case concerns two criminal cases in Sedgwick County, Kansas in which Plaintiff was the defendant—Case No. 91cr89812, which will be referred to in this order as the 1991 case, and Case No. 93CR1193, which will be referred to in this order as the 1993 case. (Doc. 1, p. 2.) In February 1992, Plaintiff was sentenced to probation in the 1991 case and he was later sentenced in the 1993 case to an indeterminate 1- to 5-year prison sentence, to run concurrently to the probation. *Id.* In March 1998, Plaintiff's probation was revoked and he was ordered to serve the prison sentence. *Id.* Plaintiff now asserts that his term of probation had either been completed or had expired prior to revocation. (Doc. 7, p. 2.) Plaintiff filed his initial complaint seeking relief

1

under 42 U.S.C. § 1983 on August 11, 2025. (Doc. 1.)

Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court was required by statute to screen his complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). The Court conducted the required screening of the complaint and, on September 10, 2025, issued a memorandum and order ("M&O") identifying deficiencies in the complaint that left it subject to dismissal in its entirety. (Doc. 5.) The M&O first stated that it was not clear who Plaintiff intended to name as Defendants in this matter and, to the extent Defendants could be identified, they were not proper Defendants to a suit brought under § 1983 or they were immune from Plaintiff's claims. *Id.* at 1-2, 4-8.

Second, the M&O explained that Count I, which alleged the violation of the Thirteenth Amendment and characterized Plaintiff's prison sentence as a term of involuntary servitude, failed to state a plausible claim for relief. *Id.* at 8-9; *see also Ruark v. Solano*, 928 F.2d 947, 949-50 (10th Cir. 1991) ("[T]he thirteenth amendment's restriction on involuntary servitude does not apply to prisoners."), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996). The complaint also alleged that Plaintiff's due process and equal protection rights under the Fourteenth Amendment were violated (Count II), that he received ineffective assistance of counsel in violation of the Sixth Amendment (Count IV), and that he suffered cruel and unusual punishment in violation of the Eighth Amendment (Count V). The M&O explained that the lack of specific factual allegations supporting those claims left them subject to dismissal for failure to state a plausible claim for relief. (Doc. 5, p. 9-10.)

The M&O next briefly reminded Plaintiff that "violations of state law do not provide an independent basis for relief under § 1983" and explained that in *Heck v. Humphrey*, 512 U.S. 477

2

(1994), the United States Supreme Court "'held that prisoners may not bring a § 1983 action that calls into question the lawfulness of their [state] conviction until the conviction has been invalidated." (Doc. 5, p. 10 (quoting *Johnson v. Spencer*, 950 F.3d 680, 692 (10th Cir. 2020).) In addition to Count I of the complaint, which argued that Plaintiff's prison sentence was involuntary servitude, Count III alleged that Plaintiff's Fifth Amendment rights were violated when his probation was revoked, and Count IV alleged the ineffective assistance of counsel during state-court proceedings. The M&O explained that *Heck* appears to bar the claims in Counts I, III, and IV. (Doc. 5, p. 10-11.)

Because all five counts alleged in the complaint were subject to dismissal, the Court granted Plaintiff time in which to file a complete and proper amended complaint that cures the deficiencies identified in the M&O. *Id.* at 11. Plaintiff has timely filed his amended complaint. (Doc. 7.) Therefore, as stated in the M&O, "the Court will conduct the statutorily required review of the amended complaint." (*See* Doc. 5, p. 12.)

**II. The Amended Complaint (Doc. 7)**

In the amended complaint, Plaintiff names as Defendants: the State of Kansas; Christian E. Zoller and Pamela C. Parker, two attorneys appointed to represent Plaintiff in state-court proceedings; Kurt Kearns, "who [Plaintiff] paid $500 to look into [Plaintiff's] illegal sentence [in] 1998"; Dawn L. Helmer, who in 1998 was a Community Corrections Officer; Mona C. Furst, who in 1998 was a prosecutor in Sedgwick County, Kansas; C. Robert Bell, the state judge who revoked Plaintiff's probation and ordered him to serve the prison sentence; Correctional Officer Needham, who worked at Lansing Correctional Facility in 2007; and two John Doe Correctional Officers who worked at Norton Correctional Facility on unknown dates. (Doc. 7, p. 1-4.) Plaintiff purports to sue each Defendant in his or her individual and official capacities. *Id.* at 4.

The amended complaint contains five counts. In Count I, Plaintiff again asserts the violation of the Thirteenth Amendment's prohibition of involuntary servitude. *Id.* at 5. As supporting facts for Count I, he asserts that revoking his probation in 1998 violated K.S.A. 21-6608 and "those who were present and in authority" should have known thar revoking his probation and ordering him to serve prison time was illegal. *Id.* In Count II, Plaintiff again asserts the violation of his Fourteenth Amendment rights to due process and equal protection of the laws. *Id.* As supporting facts for Count II, Plaintiff states that he "should never have been sent to prison if not for the malicious intent of his probation officer or the incompetence of his attorney[,] the Judge or Prosecutor unless their intent was malicious." *Id.*

In Count III, Plaintiff again asserts the violation of the Fifth Amendment's prohibition of double jeopardy and its guarantee of due process. *Id.* at 6. As supporting facts for Count III, Plaintiff argues that he had served his probation term in full, but he also acknowledges that he failed to pay court costs and restitution as ordered. *Id.* Plaintiff argues that instead of ordering him to serve prison time, the matter "should have been turned over to collections." *Id.* In Count IV, Plaintiff again asserts the violation of his Sixth Amendment right to the effective assistance of counsel. *Id.* at 7. As supporting facts for Count IV, Plaintiff alleges that if not for Defendant Zoller's "lack of knowledge for Plaintiff's liberties of his freedom from involuntary servitude or any other deprivation Plaintiff suffered[,] he would have never been sent to prison." *Id.*

In Count V, Plaintiff asserts the violation of the Eighth Amendment's prohibition of cruel and unusual punishment. *Id.* As supporting facts for Count V, Plaintiff asserts that if he had not been wrongfully ordered to prison, he would not have endured "all the negative and cruel punishment," such as "receiv[ing] disciplinary actions for having hygiene items [and] etc.," and he asserts that other individuals "sent to prison after 1993 only spent 90 days for" probation

violations. *Id.* As relief in this matter, Plaintiff seeks declaratory judgment that ordering him to serve prison time was illegal; compensatory damages of more than $65,000.00 per year he was illegally incarcerated; and punitive damages. *Id.* at 8.

## III. Discussion

The screening standards are set forth in the M&O (*see* Doc. 5, p. 3-4) and will not be repeated in full in this order. It is sufficient to say that the Court is required by statute to screen the amended complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). The Court has liberally construed the amended complaint, as is appropriate because Plaintiff proceeds pro se, and has taken all well-pled facts alleged therein as true. Even doing so, the amended complaint, like the initial complaint, fails to state a plausible claim for relief against any named Defendant.

First, all of the Counts in the amended complaint are barred by *Heck* because they all call into question the lawfulness of the state-court's revocation of Plaintiff's probation and/or its order Plaintiff to serve the underlying prison sentence. Counts I, II, III, and V allege that ordering Plaintiff to serve the prison sentence was unconstitutional. Count IV alleges that the revocation hearing was constitutionally infirm because Plaintiff received ineffective assistance of counsel. The United States Supreme Court held in *Heck* that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. Plaintiff does not allege that the revocation or the order to serve the prison sentence underlying the term of probation has been invalidated. Thus, these claims are barred by *Heck.*

In addition, Counts I and II are subject to dismissal because Plaintiff has not cured the deficiencies therein that were identified in the M&O. Count I continues to assert a Thirteenth Amendment claim based on having to serve a prison term after his probation was revoked, despite the M&O explaining that the Thirteenth Amendment does not prohibit prison terms to which an individual has been sentenced after conviction. Count II continues to assert due process and equal protection without alleging specific facts regarding the process to which he was allegedly entitled and without alleging specific facts to show that he was treated differently than another similarly situated person, despite the M&O explaining that such allegations are required.

Finally, this matter is subject to dismissal in its entirety because each Defendant named in the amended complaint either (1) is not a proper Defendant to a § 1983 action; (2) is immune from the claims brought in the amended complaint; or (3) is not named in specific factual allegations tied to a count in the amended complaint. As explained in the M&O, the State of Kansas is not a "person" who can be sued under § 1983. (Doc. 5, p. 4-5.) Defendants Zoller and Parker, as court-appointed defense counsel, may not be sued under § 1983 because they did not act under color of state law. *See id.* at 8. Similarly, Defendant Kerns is subject to dismissal because Plaintiff has not alleged that Defendant Kerns acted under color of state law. Instead, Plaintiff specifically states that he paid Defendant Kerns to look into his illegal sentence. (Doc. 7, p. 4.)

As set forth in the M&O, Defendants Furst and Bell have immunity due to their respective roles as a prosecutor and a state district court judge and the nature of Plaintiff's claims against them. (*See* Doc. 5, p. 7-8.) Defendant Helmer and the three corrections officer Defendants are subject to dismissal because Plaintiff has not "allege[d] sufficient facts to show that each defendant personally participated in a federal constitutional violation."[1] (*See* Doc. 5, p. 6, 11.) The

---

[1] To the extent that the amended complaint could be liberally construed as asserting an Eighth Amendment claim against Defendant Needham for the 2007 actions attributed to him in this portion of the amended complaint, it would

corrections officer Defendants are mentioned only in the section of the amended complaint that is intended for identifying Defendants and no Count in the amended complaint specifically refers to them. Accordingly, even if *Heck* did not bar Plaintiff's claims, he has failed to name a Defendant against whom he has pled a plausible claim for relief, so this matter is subject to dismissal in its entirety.

## IV. Conclusion

The Court has carefully reviewed the amended complaint, liberally construing it and taking all well-pleaded facts alleged therein as true. Even doing so, the Court finds that the amended complaint, like the initial complaint, fails to state a plausible claim on which relief could be granted. Because Plaintiff has already been given a chance to cure the deficiencies and has not done so, the Court declines to afford Plaintiff an additional opportunity to amend. This matter will be dismissed.

## V. Motion for Appointment of Counsel (Doc. 6)

Also before the Court is Plaintiff's motion for appointment of counsel (Doc. 6). The Court has previously explained to Plaintiff the standards by which such a motion is decided and will not repeat them here. (*See* Doc. 5, p. 12-13.) Because Plaintiff has failed to state a plausible claim against a proper defendant and this case will be dismissed, the request for counsel is denied.

---

be subject to dismissal under the applicable 2-year statute of limitations. *See Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184, 1188 (10th Cir. 2006) (two-year limitations period under the law of Kansas, the forum state, governs civil rights claims under Section 1983); *see also Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (complaint may be dismissed *sua sponte* under Section 1915 based on a statute-of-limitations defense patently clear from the face of the complaint). Plaintiff has not provided even a general timeframe for the acts attributed to the two John Doe Defendants, so he has failed to state a plausible claim for relief against either of them. Plaintiff advises that "being incarcerated, [he] does not have the resources to give names, date and time." (Doc. 7, p. 4.) The Court notes, however, that Plaintiff has provided dates in other portions of the amended complaint and it further notes that since the events alleged in the complaint happened to Plaintiff, it is reasonable to expect him to provide at least a general timeframe of the events on which he bases his claims for relief.

**IT IS THEREFORE ORDERED** that the motion for appointment of counsel (Doc. 6) is **denied**.

**IT IS FURTHER ORDERED** that this matter is dismissed for failure to state a claim on which relief can be granted. Plaintiff's claims against the State of Kansas, Christian E. Zoller, Mona L. Furst, C. Robert Bell, and Pamela C. Parker are dismissed with prejudice because these Defendants either may not be sued under section 1983 or are immune from Plaintiff's claims in this suit. Count I of the amended complaint is dismissed with prejudice because it cannot succeed as a matter of law. The remaining Defendants and Counts are dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 9th day of October, 2025, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge