IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**EARNEST EUGENE WALKER, JR.,**

    **Plaintiff,**

    v.                                          CASE NO. 25-3158-JWL

**STATE OF KANSAS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and Kansas prisoner Earnest Eugene Walker, Jr. brought this pro se civil rights action under 42 U.S.C. § 1983; it was dismissed on October 9, 2025 for failure to state a claim on which relief can be granted. (Docs. 1 and 8.) Judgment was entered the same day. (Doc. 9.) This matter comes now before the Court on Plaintiff's "Motion for Additional Pleadings for Amended Complaint," filed October 14, 2025. (Doc. 10.) For the reasons explained below, the motion will be denied.

**I. Background**

After Plaintiff paid the required initial partial filing fee, the Court screened his complaint as required by 28 U.S.C. § 1915A(a) and (b) and 28 U.S.C. § 1915(e)(2)(B). (*See* Doc. 5, p. 3.) On September 10, 2025, the Court issued a memorandum and order (M&O) identifying deficiencies in the five-count complaint that left it subject to dismissal in its entirety and granting Plaintiff to and including October 13, 2025 in which to file a complete and proper amended complaint that cured the deficiencies. *Id.* at 4-11, 14. Specifically, the M&O explained that the identities of the Defendants was unclear and, to the extent specific Defendants could be identified, they were not proper Defendants to suit under 42 U.S.C. § 1983; Counts I, II, IV, and V did not state a claim on

1

which relief could be granted; and Counts I, III, and IV appeared to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.* at 4-11.

Plaintiff timely filed an amended complaint (Doc. 7) and the Court conducted the statutorily required screening of the amended complaint. On October 9, 2025, the Court issued a second M&O explaining that the amended complaint contained only claims barred by *Heck*. (Doc. 8, p. 5.) Moreover, Counts I and II contained the deficiencies already identified in the first M&O and each Defendant named in the amended complaint either (1) is not a proper Defendant to a § 1983 action; (2) is immune from the claims stated in the amended complaint, or (3) is not named in specific factual allegations tied to a count in the amended complaint. *Id.* at 6-7. Because these deficiencies had been identified in the first M&O, the Court declined to grant Plaintiff additional opportunities to amend his complaint. *Id.* at 7. Thus, this matter was dismissed for failure to state a claim on which relief can be granted. *Id.* at 8.

On October 14, 2025, Plaintiff filed a "Motion for Additional Pleadings for Amended Complaint." (Doc. 10.) There is no indication that the motion and its attachments were submitted for e-filing prior to entry of judgment in this matter. In the motion, Plaintiff seeks to "clarify and present the facts or error on prior court documents and to add additional exhibits of facts." *Id.* at 1. Liberally construed, Plaintiff argues in his motion that *Heck* should not bar his claims; he asks this Court to correct a misstatement of fact in a 2021 order issued by the United States Court of Appeals for the Tenth Circuit; he asks that misstatements and the misspelling of his name in specific state-court journal entries be corrected; and he argues the underlying merits of his claims that the prison sentences at the heart of this case were illegal. *Id.* at 1-4.

**II. Discussion**

Because Plaintiff's motion was filed within 28 days after the entry of judgment in this matter, the Court will treat it as a motion under Federal Rule of Civil Procedure 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012.

Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Even liberally construing the motion now before the Court and the exhibits attached to the motion, Plaintiff has failed to show an intervening change in the controlling law, the availability of new evidence that could not have been obtained previously through the exercise of due

diligence, or the need to correct clear error or prevent manifest injustice. Rather, Plaintiff alleges facts that could have been included in his amended complaint and he asks the Court to correct or clarify orders issued by other courts, federal and state. This Court, as a federal district court, has no authority to modify, correct, or clarify orders entered by the Tenth Circuit or by Kansas state courts. Additionally, Plaintiff's arguments that he has unsuccessfully exhausted the available avenues by which he could obtain the judgment required to avoid the *Heck* bar do not change the fact that *Heck* applies to bar the claims in the amended complaint in this matter. There is no exception to *Heck* that applies when attempts to invalidate a conviction or sentence are unsuccessful.

In summary, even when liberally construed, none of Plaintiff's arguments meet the standard for relief under Fed. R. Civ. P. 59(e), meaning that Plaintiff has failed to show that the Court should alter or amend its October 9, 2025 memorandum and order dismissing this case or the judgment entered the same day. The motion (Doc. 10) will be denied and this case will remain closed.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion (Doc. 10) is **denied**. This case will remain closed.

**IT IS SO ORDERED**.

**Dated October 20, 2025, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE